*A. C. Downey* and *L. Bingham*, for the appellee.

*Nov. Term, 1861.*

HOWE
v.
McBRIDE.

---

### HOWE *v.* McBRIDE.

APPEAL from the *Kosciusko* Circuit Court.

PERKINS, J.—*Howe* gave *McBride* a note and mortgage. When they became due, *Howe* failed to pay and *McBride* proceeded to foreclose. Due notice of the foreclosure suit was served upon *Howe*, but he failed to attend Court to see that the proceedings were correct, and the proper judgment rendered. He let judgment go by default. The judgment was, to make the money by sale of the property mortgaged, as far as it would go, and to collect the balance of the goods and chattels, &c. of the defendant.

*Saturday, December 14.*

Nov. Term,
1861.

*Howe* thinks the latter part of the judgment is wrong, not because unauthorized by the note and mortgage, but because the mortgage should have contained a stipulation that there should be no remedy beyond the sale of the property. He says there was a mistake in the mortgage, but that he never suspected it till he learned of this judgment *in personam* against him; and he applied after the term to have it set aside. Now, it may be asked of Mr. *Howe*, he may ask himself the question, why was Mr. *McBride* required to go into Court and give Mr. *Howe* notice to meet him there to examine this matter, before he could proceed to enforce collection of his note and mortgage by sale? It was for the very purpose of giving Mr. *Howe* an opportunity to see if there was any mistake, and if so, to have it corrected. The Court is not bound to give him another opportunity, since he voluntarily disregarded that furnished him at the proper time. There is no case made of excusable negligence.

*Per Curiam.*—The judgment is affirmed, with costs.

*J. S. Frazer*, for the appellant.